RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM

*Brian K. Hart* -Clerk of Court

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

      Plaintiff,

vs.

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,

      Defendants.

_____/

CASE NO.: STCV22-00767

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, MARY HOWARD, Plaintiff in the above-styled action, and brings this Complaint for Damages, and shows the Court the following:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, MARY HOWARD is, and at all times material to this action, was a resident of the State of Florida.

2.    Defendant, TIDEWATER TRANSIT CO., INC., is subject to the jurisdiction and venue of this Court.

3.    Defendant, GARY GARDNER, is subject to the jurisdiction and venue of this Court.

4.    Defendant, TIDEWATER TRANSIT CO., INC., is a registered Foreign Profit Corporation authorized to and conducting business in the State of Georgia, and may be served through Registered Agent Inc., 300 Colonial Center Parkway, Suite 100 N, Roswell, Georgia 30076.

1

Case 4:22-cv-00210-WTM-CLR   Document 1-2   Filed 08/31/22   Page 2 of 27
RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM

*Brian K. Hart* -Clerk of Court

5.      Defendant, GARY GARDNER, is a resident of the State of South Carolina and may be personally served at 901 Layton Street, Florence, South Carolina 29506.

6.      Venue is proper in Chatham County, Georgia since acts giving rise to the causes of actions occurred in Chatham County, Georgia.

## STATEMENT OF FACTS

7.      On May 11, 2020, at approximately 1:05 p.m., Plaintiff was driving a 2005 Buick Terraza traveling North on Interstate 95 in the far left lane about one mile south of SR 26.

8.      On May 11, 2020, at approximately 1:05 p.m., Defendant, GARY GARDNER, was driving a 2019 Volvo VNR Semi Truck with attached trailer, owned by Defendant, TIDEWATER TRANSIT CO., INC., traveling South on Interstate 95 about one mile south of SR 26.

9.      On May 11, 2020, at approximately 1:05 p.m., two tires from the Semi Truck driven by Defendant, GARY GARDNER, and owned by Defendant, TIDEWATER TRANSIT CO., INC., detached from the trailer and began traveling south on Interstate 95.

10.     One of the detached tires from Defendants' Semi Truck crossed the center median of Interstate 95 and continued south into the North bound lanes of Interstate 95.

11.     Defendants' detached tire struck the front end of Plaintiff's vehicle as she was traveling in the North bound far left lane of Interstate 95.

12.     Plaintiff was unable to stop or otherwise maneuver her vehicle out of the way of the detached tire before it collided with her vehicle.

13.     As a result of the accident, Plaintiff sustained numerous injuries that necessitated medical treatment.

14.     As a result of the incident, Plaintiff has incurred damages in excess of $30,000.00.

2

*Brian K. Hart* -Clerk of Court

## COUNT I – NEGLIGENCE OF GARY GARDNER

15.     Defendant, GARY GARDNER, negligently operated a 2019 Volvo VNR Semi

Truck with attached trailer on Interstate 95 about one mile south of SR 26, in Chatham County,

Georgia, to wit by failing to properly secure a tire or tires to said Semi Truck.

16.     As a result of failing to properly secure said tires, a tire from GARY

GARDNER'S vehicle came loose and crossed the median of Interstate 95 and into the path of

Plaintiff, MARY HOWARD'S vehicle, striking her vehicle.

17.     The Defendant, GARY GARDNER, owed duties of due and reasonable care to

Plaintiff, as well as to other motorists on the road.

18.     Defendant, GARY GARDNER's negligence, which constitutes the direct and

proximate cause of the injury to Plaintiff, MARY HOWARD, also consisted of, but was not

limited to, the following:

> a.      Driving in a reckless disregard for the safety of others in violation of
> O.C.G.A. § 40-6-390;
>
> b.      Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2-
> 64;
>
> c.      Failure to maintain reasonable control of vehicle;
>
> d.      Failure to operate vehicle in a safe fashion under the circumstances then
> existing;
>
> e.      Failure to take evasive or other reasonable action in order to control
> vehicle or maintain lane;
>
> f.      Failure to secure tires to vehicle;
>
> g.      Failure to exercise ordinary care;

3

Case 4:22-cv-00210-WTM-CLR   Document 1-2   Filed 08/31/22   Page 4 of 27
RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM

*Brian K. Hart* -Clerk of Court

     h.     Failure to keep a proper lookout;

     i.     Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

19.     At all times material hereto, Plaintiff, MARY HOWARD, conducted herself in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused her to sustain serious bodily injury.

20.     As a direct and proximate result of Defendants' negligence, Plaintiff, MARY HOWARD, has suffered and will continue to suffer the following:

     a.     past, present and future physical and mental pain and suffering;

     b.     past, present and future loss of enjoyment of life;

     c.     past, present and future loss of earnings and income; and

     d.     past, present and future loss of ability to labor and earn money, as well as other damages.

21.     As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of Defendant, Plaintiff, MARY HOWARD, has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to her painful injuries.

22.     By reason of the foregoing, Plaintiff, MARY HOWARD, is entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM
*Brian K. Hart* -Clerk of Court

## COUNT II – VICARIOUS LIABILITY OF TIDEWATER TRANSIT CO., INC.

23.     As owner of the above referenced 2019 Volvo VNR Semi Truck, Defendant, TIDEWATER TRANSIT CO., INC., is vicariously liable for the negligence of the permissive driver in this case, Defendant, GARY GARDNER.

24.     Defendant, GARY GARDNER, was operating the Semi Truck owned by Defendant, TIDEWATER TRANSIT CO., INC., with their express consent, permission and knowledge.

25.     At all times material herein, Defendant GARY GARDNER, owed a duty of care to operate his Semi Truck in a reasonably safe and prudent manner.

26.     That at said time and place, GARY GARDNER, negligently and carelessly operated and or maintained said Semi Truck so as to cause a tire or tires on Defendant's Semi Truck to come loose and cross the median of Interstate 95, colliding with Plaintiff's vehicle, causing injuries to the Plaintiff.

27.     Defendant, TIDEWATER TRANSIT CO., INC.'S negligence which constitutes the direct and proximate cause of the injury to Plaintiff, MARY HOWARD, also consisted of, but was not limited to, the following:

> a.     Allowing its vehicles to be driven in a reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;
>
> b.     Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2-64;
>
> c.     Failure to maintain reasonable control of vehicle;
>
> d.     Failure to operate vehicle in a safe fashion under the circumstances then existing;

5

Case 4:22-cv-00210-WTM-CLR   Document 1-2   Filed 08/31/22   Page 6 of 27
RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM

*Brian K. Hart* -Clerk of Court

e.     Failure to take evasive or other reasonable action in order to control vehicle or maintain lane;

f.     Failure to secure tires to vehicle;

g.     Failure to exercise ordinary care;

h.     Failure to keep a proper lookout;

i.     Negligent hiring of its employees, agents, or permissive drivers;

j.     Negligent training of its employees, agents or permissive drivers;

k.     Negligent supervision of its employees, agents of permissive drivers;

l.     Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

28.     At all times material hereto, Plaintiff, MARY HOWARD, conducted herself in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused her to sustain serious bodily injury.

29.     As a direct and proximate result of Defendants' negligence, Plaintiff, MARY HOWARD, has suffered and will continue to suffer the following:

m.     past, present and future physical and mental pain and suffering;

n.     past, present and future loss of enjoyment of life;

o.     past, present and future loss of earnings and income; and

p.     past, present and future loss of ability to labor and earn money, as well as other damages.

30.     As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of Defendant, Plaintiff, MARY HOWARD, has incurred substantial

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM

*Brian K. Hart* -Clerk of Court

medical expenses and will continue to require and incur reasonable and necessary medical expenses due to her painful injuries.

31.     By reason of the foregoing, Plaintiff, MARY HOWARD, is entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

WHEREFORE, Plaintiff, MARY HOWARD, prays and respectfully demands verdict and judgment as follows:

a.     That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that Defendants be required to appear and answer;

b.     That Plaintiff be awarded compensatory damages against Defendants, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of the jury;

c.     That Plaintiff be awarded special damages in an amount as may be shown by the evidence and proven at trial;

d.     That Defendants be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

e.     That Plaintiff be granted a trial by jury; and,

f.     That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM

*Brian K. Hart* -Clerk of Court

RESPECTFULLY SUBMITTED THIS �役 DAY OF ⎯⎯⎯⎯ MAY ⎯⎯⎯ , 2022.

JEFFREY S. KAUFMAN, ESQ.
KAUFMAN & LYND, PLLC
Bar No.: 409180
200 E. Robinson Street, Ste. 400
Orlando, Florida 32801
Ph: 407-706-3535
Fax: 407-440-4543
E-mail: jkaufman@kaufmanlynd.com
Secondary: litigation@kaufmanlynd.com

8

 *Brian K. Hart* -Clerk of Court

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

      Plaintiff,                    JURY TRIAL DEMANDED

vs.

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,              STCV22-00767
                      CASE NO.: _____

      Defendants.

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT: TIDEWATER TRANSIT CO., INC. Defendant's
Address:

                c/o Registered Agent Inc.
     300 Colonial Center Parkway, Suite 100 N,
           Roswell, Georgia 30076

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

           JEFFREY S. KAUFMAN, ESQ.
        200 E. ROBINSON STREET, STE. 400
              ORLANDO, FL 32801
                407-706-3535

an Answer to the Complaint which is herewith served upon you, within 30 days after service of

this Summons upon you exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in this Complaint.

      This _____ day of _____, _____.


_____

Clerk of State Court

                    /s/ Rebekah Jenkins
            By: _____
                    Deputy Clerk

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

Plaintiff,                                    JURY TRIAL DEMANDED

vs.

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,                     STCV22-00767
                                      CASE NO.: _____

Defendants.

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: GARY GARDNER. Defendant's Address:
901 Layton Street
Florence, South Carolina 29506

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

JEFFREY S. KAUFMAN, ESQ.
200 E. ROBINSON STREET, STE. 400
ORLANDO, FL 32801
407-706-3535

an Answer to the Complaint which is herewith served upon you, within 30 days after service of

this Summons upon you exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in this Complaint.

This _____ day of _____, _____.


_____
Clerk of State Court

/s/ Rebekah Jenkins
By: _____
Deputy Clerk

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 5/5/2022 4:37 PM                    *Brian K. Hart* -Clerk of Court

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of **Chatham** _____ County

| **For Clerk Use Only** | |
|---|---|
| Date Filed **05-06-2020** | Case Number **STCV22-00767** |
| MM-DD-YYYY | |

**Plaintiff(s)**
HOWARD. MARY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
TIDEWATER TRANSIT CO.. INC
GARDNER. GARY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                              Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 6/10/2022 12:26 PM

*Brian K. Hart* -Clerk of Court

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

      Plaintiff,                  JURY TRIAL DEMANDED

vs.                          Case No.: STCV22-00767

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,

      Defendants.

_____/

## MOTION TO APPOINT PROCESS SERVER

Plaintiffs, pursuant of rule OCGA §9-11-4(c), as made applicable herein, move this

Honorable Court to constitute and appoint **Jason Garmon** to serve process in the above cause in

Chatham County. Plaintiffs would respectfully show that said Jason Garmon is over the age of

eighteen (18) years and are competent and a disinterested party to this action.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this 10th day of June 2022, a true and correct copy of
the foregoing has been filed with the Odyssey eFile GA Portal. I further certify that the foregoing
document was sent via electronic mail to the parties listed on the e-filing portal.

/s/ Jeffrey S. Kaufman
JEFFREY S. KAUFMAN, ESQ.
KAUFMAN & LYND, PLLC
Bar No.: 409180
200 E. Robinson Street, Ste. 400
Orlando, Florida 32801
Ph: 407-706-3535
Fax: 407-440-4543
E-mail: jkaufman@kaufmanlynd.com
Secondary: litigation@kaufmanlynd.com

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

        Plaintiff,

vs.

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,

        Defendants.

_____/

JURY TRIAL DEMANDED

Case No.: STCV22-00767

## ORDER TO APPOINT PROCESS SERVER

**THIS CAUSE** coming on to be heard ex parte upon application of, Plaintiff(s) and the Court being otherwise further and fully advised in the premises, it is thereupon **ORDERED AND ADUJUDGED** that **Jason Garmon** be and are hereby constituted and appointed as Process Server in the above cause.

It is further ordered that the Process Server shall make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. The affidavit of service shall be indicated on the service return.

**DONE and ORDERED** in Chambers at Chatham County, Georgia this ____ day of _____ 2022.

_____
JUDGE CIRCUIT COURT

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 6/14/2022 9:34 AM       *Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

MARY HOWARD,                           )
      Plaintiff,                      )
                     )
                     )
      vs.                              )   CIVIL ACTION NO. STCV2200767SA
                     )
TIDEWATER TRANSIT CO., INC.            )
and GARY GARDNER,                      )
      Defendants.                      )

## ORDER DENYING MOTION TO APPOINT PROCESS SERVER

      Plaintiff Mary Howard has filed a motion asking this Court to appoint Jason

Garmon to serve one or both Defendants with the summons and complaint in Chatham

County. Not only does the motion does not specify which Defendant will be served in

Chatham County, but the complaint shows that neither Defendant lives in Chatham

County. Assuming this is an error and the Plaintiff intended to ask for Mr. Garmon to

serve at least one Defendant outside of Chatham County, the Court still declines to do

so given the lack of information provided in the motion.

      O.C.G.A. § 9-11-4(c) authorizes service by the following persons:

(1) The sheriff of the county where the action is brought or where the
defendant is found or by such sheriff's deputy;
(2) The marshal or sheriff of the court or by such official's deputy;
(3) Any citizen of the United States specially appointed by the court for
that purpose;
(4) A person who is not a party, not younger than 18 years of age, and has
been appointed by the court to serve process or as a permanent process
server; or
(5) A certified process server as provided in Code Section 9-11-4.1.

In her motion, the Plaintiff simply states, "Plaintiffs would respectfully show that said

Jason Garmon is over the age of eighteen (18) years and are competent and a

disinterested party to this action." Based on this extremely limited information

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 6/14/2022 9:34 AM

*Brian K. Hart* -Clerk of Court

provided in the motion, the Plaintiff can only travel under O.C.G.A. § 9-11-4(c)(3) in her request to have Mr. Garmon appointed. However, since there is no other information provided regarding Mr. Garmon, including who he is serving and his competency to do so, the Court **DENIES** the motion.

If the Plaintiff wishes to refile a more detailed motion, the Court will reconsider the issue. Counsel is further advised that the Court requires all proposed orders fully comply with the formatting and informational requirements set forth in USCR 36.4.

**SO ORDERED**, this 14th day of June, 2022.

Chief Judge Gregory V. Sapp
State Court of Chatham County

cc:    All counsel of record via e-file

Page 2 of 2

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. GA. 6/8/2022 2:15:02 PM    Brian K. Hart - Clerk of Court

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

      Plaintiff,                                    JURY TRIAL DEMANDED

vs.                                                        Case No.: STCV22-00767

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,

      Defendants.
_____/

### AMENDED MOTION TO APPOINT PRIVATE PROCESS SERVER

Plaintiffs, pursuant of rule OCGA §§ 9-10-91(3) and 9-11-4(c), as made applicable herein, move this Honorable Court to constitute and appoint **Jason Garmon** to serve process in the above cause in Chatham County as follows:

1. On Defendant, TIDEWATER TRANSIT CO., INC., by its Registered Agent located at 300 Colonial Center Parkway, Ste. 100-N, Roswell, Georgia 30076; and

2. On Defendant, GARY GARDNER, pursuant to OCGA §9-10-91(3), at 901 Layton Street, Florence, South Carolina 29506.

3. The following process server, Jason Garmon, who is an experienced process server and investigator who may be able to locate and personally serve the Defendants if authorized to do so by the Court.

4. Jason Garmon is not a party to this action, is not related to any party or undersigned counsel by blood or marriage, and is not an employee of Plaintiff or undersigned counsel.

5. Jason Garmon is a citizen of the United States of America, and is above the age of eighteen.

Plaintiff respectfully ask the Court's permission to have Jason Garmon listed as special

agent to perfect service of the Summons and Complaint herein upon Defendants,

TIDEWATER TRANSIT CO., INC. and GARY GARDNER.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of July 2022, a true and correct copy of the foregoing has been filed with the Odyssey eFile GA Portal. I further certify that the foregoing document was sent via electronic mail to the parties listed on the e-filing portal.

/s/ Jeffrey S. Kaufman
JEFFREY S. KAUFMAN, ESQ.
KAUFMAN & LYND, PLLC
Bar No.: 409180
200 E. Robinson Street, Ste. 400
Orlando, Florida 32801
Ph: 407-706-3535
Fax: 407-440-4543
E-mail: jkaufman@kaufmanlynd.com
Secondary: litigation@kaufmanlynd.com

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

       Plaintiff,                           JURY TRIAL DEMANDED

vs.                                     Case No.: STCV22-00767

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,

       Defendants.

_____/

### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

**THIS CAUSE** coming on to be heard ex parte upon application of, Plaintiff on Plaintiff's Amended Motion to Appoint Private Process Server, and the Court having read said Amended Motion, and it appearing to the Court that sufficient grounds exist for granting thereof pursuant to OCGA §§ 9-10-91(3) and 9-11-4(c), it is

**HEREBY ORDERED AND ADUJUDGED** that Plaintiff is authorized to perfect service by private process server who is hereby directed to personally serve a copy of the Plaintiff's Summons and Complaint on the Defendants and to make and file proof of service as required by law.

The individual appointed is: **Jason Garmon,** and is hereby directed to make and file his Affidavit of Service as proof of service as required by law.

**THIS** _____ day of _____ 2022.

_____
JUDGE
CHATHAM COUNTY STATE COURT

CHATHAM COUNTY STATE COURT
STATE OF GEORGIA

MARY HOWARD,

     Plaintiff,                         JURY TRIAL DEMANDED

vs.                                 Case No.: STCV22-00767

TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,

     Defendants.
_____/

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

**THIS CAUSE** coming on to be heard ex parte upon application of, Plaintiff on Plaintiff's Amended Motion to Appoint Private Process Server, and the Court having read said Amended Motion, and it appearing to the Court that sufficient grounds exist for granting thereof pursuant to OCGA §§ 9-10-91(3) and 9-11-4(c), it is

**HEREBY ORDERED AND ADUJUDGED** that Plaintiff is authorized to perfect service by private process server who is hereby directed to personally serve a copy of the Plaintiff's Summons and Complaint on the Defendants and to make and file proof of service as required by law.

The individual appointed is: **Jason Garmon,** and is hereby directed to make

and file his Affidavit of Service as proof of service as required by law.

**THIS** _____1st_____ day of _____August_____ 2022.


GREGORY V. SAPP
JUDGE
CHATHAM COUNTY STATE COURT

Mary Howard v.
TIDEWATER TRANSIT CO., INC.
and GARY GARDNER,
Case No: STCV22-00767
Order for Appointment of Private Process Server


Prepared by:
Jeffrey S. Kaufman, Esq.
Bar No. 4091480
200 E. Robinson Street, Ste. 400 Orlando, Florida 32801
Ph: 407-706-3535 Fax: 407-440-4543
E-mail: jkaufman@kaufmanlynd.com Secondary: litigation@kaufmanlynd.co

### AFFIDAVIT OF SERVICE

| Case:<br>STCV22-00767 | Court:<br>In the Probate Court, County of Chatham, State of Georgia | County:<br>Chatham, GA | Job:<br>7123180 (2022016363) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Mary Howard | | | |
| Received by:<br>Whitesell Investigative Services Inc | Defendant / Respondent:<br>Tidewater Transit Co., Inc. and Gary Gardner | | |
| To be served upon:<br>Gary Gardner | For:<br>Lynx Legal Services | | |
| | Court Date: | | |

I, Diane Giddings, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Joseph Gardner, 901 Layton St, Florence, SC 29506
Manner of Service:   Substitute Service - Abode, May 28, 2022, 10:28 am EDT
Documents:   20-Day Summons, Complaint for Damages, General Civil and Domestic Relations Case Filing Information Sheet, Plaintiffs' First Requests for Admissions to Defendant Gary Gardner and Plaintiffs' First Interrogatories and Request for Production of Documents and Notice to Produce to Defendant, Gary Gardner (Received May 20, 2022 at 9:42am EDT)

Additional Comments:
1) Successful Attempt: May 28, 2022, 10:28 am EDT at 901 Layton St, Florence, SC 29506 received by Joseph Gardner. Age: 45; Ethnicity: African American; Gender: Male; Weight: 180; Height: 6'1"; Relationship: Brother;
Attempted service at the address provided. I made contact with Joseph Gardner, Brother and co resident of the subject. He accepted service on his behalf at the shared residence.

_____        MAY 3 1 2022
Diane Giddings                          Date

Whitesell Process Service
P.O. Box 2511
Rock Hill, SC 29732
(803) 327-6974, opt. 2

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
MAY 3 1 2022
Date

Commission Expires

ROBIN D GIDDINGS
NOTARY
PUBLIC
EXP. 04/23/2024
SOUTH CAROLINA

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

**MARY HOWARD,**

$\qquad$ **Plaintiff,**

VS.

**TIDEWATER TRANSIT CO., INC. and
GARY GARDNER,**

$\qquad$ **Defendants.**

**Civil Action No. STCV22-00767**

## ANSWER AND RESPONSIVE PLEADINGS OF DEFENDANTS

**COME NOW** Tidewater Transit Co., Inc. and Gary Gardner, defendants in the above-captioned action, by and through their undersigned counsel of record, and hereby answer and respond to plaintiff's complaint as follows:

### FIRST DEFENSE

Pursuant to O.C.G.A. § 9-11-12(b), defendants hereby raise the following defenses:

(1)   Lack of jurisdiction over the subject matter;

(2)   Lack of jurisdiction over the person;

(3)   Improper venue;

(4)   Insufficiency of process;

(5)   Insufficiency of service of process;

(6)   Failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants show that plaintiff's complaint is barred by the applicable two-year statute of limitation, and the Doctrine of Laches, and therefore defendants are not liable to plaintiff in any amount whatsoever.

# EXHIBIT A

## THIRD DEFENSE

Defendants show that plaintiff's injuries, if any, were the direct and proximate result of negligence on the part of persons or parties other than defendants, and, therefore, defendants are not liable to plaintiff in any amount whatsoever.

## FOURTH DEFENSE

Defendants respond to the separate, enumerated paragraphs of plaintiff's complaint as follows:

1.

Defendants admit the allegations set forth in paragraph 1 of plaintiff's complaint.

2.

Defendants deny the allegations set forth in paragraph 2 of plaintiff's complaint.

3.

Defendants deny the allegations set forth in paragraph 3 of plaintiff's complaint.

4.

Defendants admit the allegations set forth in paragraph 4 of plaintiff's complaint.

5.

Defendants admit the allegations set forth in paragraph 5 of plaintiff's complaint.

6.

Defendants deny the allegations set forth in paragraph 6 of plaintiff's complaint.

7.

Defendants admit the allegations set forth in paragraph 7 of plaintiff's complaint.

8.

Defendants admit the allegations set forth in paragraph 8 of plaintiff's complaint.

RECEIVED FOR FILING IN SUPERIOR COURT CHATHAM CO. GA 2022 JUL 28 PM

*Brian A. Hart* - Clerk of Court

9.

Defendants admit the allegations set forth in paragraph 9 of plaintiff's complaint.

10.

Defendants admit the allegations set forth in paragraph 10 of plaintiff's complaint.

11.

Defendants admit the allegations set forth in paragraph 11 of plaintiff's complaint.

12.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of plaintiff's complaint.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of plaintiff's complaint.

14.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of plaintiff's complaint.

15.

Defendants deny the allegations set forth in paragraph 15 of plaintiff's complaint.

16.

Defendants deny the allegations set forth in paragraph 16 of plaintiff's complaint.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of plaintiff's complaint.

18.

Defendants deny the allegations set forth in paragraph 18 of plaintiff's complaint.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of plaintiff's complaint.

20.

Defendants deny the allegations set forth in paragraph 20 of plaintiff's complaint.

21.

Defendants deny the allegations set forth in paragraph 21 of plaintiff's complaint.

22.

Defendants deny the allegations set forth in paragraph 22 of plaintiff's complaint.

23.

Defendants deny the allegations set forth in paragraph 23 of plaintiff's complaint.

24.

Defendants admit the allegations set forth in paragraph 24 of plaintiff's complaint.

25.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of plaintiff's complaint.

26.

Defendants deny the allegations set forth in paragraph 26 of plaintiff's complaint.

27.

Defendants deny the allegations set forth in paragraph 27 of plaintiff's complaint.

28.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of plaintiff's complaint.

29.

Defendants deny the allegations set forth in paragraph 29 of plaintiff's complaint.

30.

Defendants deny the allegations set forth in paragraph 30 of plaintiff's complaint.

31.

Defendants deny the allegations set forth in paragraph 31 of plaintiff's complaint.

32.

Except wherein the allegations of plaintiff's complaint have been expressly admitted above, or for want of knowledge or information can neither be admitted nor denied, the remaining allegations are hereby expressly denied.

WHEREFORE, defendants Tidewater Transit Co., Inc. and Gary Gardner, having fully responded and answered plaintiff's complaint, prays that they be henceforth discharged with each party to bear its own costs.

**TRIAL BY JURY OF TWELVE DEMANDED.**

This 31st day of August, 2022.

_____
WILLIAM H. LARSEN
State Bar No. 438481
JOEL A. HOWE
State Bar No. 371790
Attorneys for Defendant

MARTIN SNOW, LLP
240 Third Street
P. O. Box 1606
Macon, Georgia 31202-1606
(478) 749-1700
whlarsen@martinsnow.com
jahowe@martinsnow.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing ANSWER AND RESPONSIVE PLEADINGS OF DEFENDANTS upon counsel for the opposing party by placing a copy of same in the United States Mail addressed as follows:

Jeffrey S. Kaufman
Kaufman & Lynd, PLLC
200 E. Robinson St., Ste 400
Orlando, FL 32801
Attorney for Plaintiff

This 31st day of August, 2022.

WILLIAM H. LARSEN
State Bar No. 438481
JOEL A. HOWE
State Bar No. 371790
Attorneys for Defendant

MARTIN SNOW, LLP
240 Third Street
P. O. Box 1606
Macon, Georgia 31202-1606
(478) 749-1700
whlarsen@martinsnow.com
jahowe@martinsnow.com